IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | |
| v. | : | NO. 23-21 |
| | : | |
| CHRISTOPHER DANIELS | : | |

**MEMORANDUM**

**Judge Juan R. Sánchez**                                                                                           **March 12, 2024**

On August 29, 2023, Defendant Christopher Daniels was charged by superseding indictment with one count of receipt of child pornography, in violation of 18 U.S.C. §§ 2252(a)(2), (b)(1); one count of possession of child pornography, in violation of 18 U.S.C. §§ 2252(a)(4)(B), (b)(2); three counts of access with intent to view child pornography, in violation of 18 U.S.C. §§ 2252(a)(4)(B), (b)(2); and one count of failure to register as a sex offender, in violation of 18 U.S.C. § 2250. He now moves, pursuant to Federal Rule of Criminal Procedure 12, to dismiss Counts Three through Five charging him with access with intent to view child pornography, as multiplicitous of the possession charge in violation of the Fifth Amendment's double jeopardy clause. Because the Government charged Daniels with separate and distinct acts in each of Counts Three through Five, the motion will be denied.

**BACKGROUND**

Count Two charges Daniels with possession of child pornography on a tablet and an online cloud storage account on November 3, 2022, the date these materials were seized. The cloud storage account contained 42 videos and 21 images of two prepubescent girls; the seized tablet contained two videos and one image depicting a third child victim. Count Three charges Daniels with accessing child pornography on his tablet device on May 4, 2022, prior to the first charge. The images he accessed on this date are different from the images underlying Count Two. Count

1

Four charges Daniels with accessing child pornography on a smart phone on May 29, 2022. The images he accessed on this date are still shots from some of the videos saved in the cloud storage account. Finally, Count Five charges Daniels with accessing child pornography on a second smartphone on May 30, 2022. The images he accessed on this date are also from the cloud storage account. Counts Four and Five thus charge Daniels with accessing material that he is also charged with possessing in Count Two.

Daniels moves to dismiss Counts Three through Five. The Government filed a response in opposition on January 8, 2024, and the parties' presented oral arguments at the pretrial conference on March 5, 2024.

**STANDARD OF REVIEW**

A defendant raising a double jeopardy claim bears the initial burden of presenting evidence. *United States v. Rigas*, 605 F.3d 194, 204 (3d Cir. 2010). "If the defendant makes a non-frivolous showing of double jeopardy, he is entitled to a pre-trial evidentiary hearing to determine the merits of his claim." *Id*. (citation omitted). And "[o]nce the defendant has made out his or her prima facie case, the burden of persuasion shifts to the government to prove by a preponderance of the evidence that the two indictments charge the defendant with legally separate crimes." *Id*. (citation omitted).

**DISCUSSION**

Daniels argues the Government has impermissibly split one offense into multiple counts, charging him "with the same crime four times" in violation of his Fifth Amendment protection against double jeopardy. Mem. Law 4, ECF No. 40. The Government responds that each count charges Daniels with distinct offenses "involving the possession and access with intent to view distinct child pornography images on different dates using different devices and online accounts."

Gov't's Resp. Opp'n 15, ECF No. 48. Because Counts Three through Five each charge Daniels with access with intent on three separate dates, the motion to dismiss these counts as multiplicitous will be denied.

The Fifth Amendment's double jeopardy clause does not allow a defendant to "be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. amend. V. But a "multiplicitous indictment" improperly "charges the same offense in two or more counts and may lead to multiple sentences for a single violation[.]" *United States v. Pollen*, 978 F.2d 78, 83 (3d Cir. 1992). In determining whether an indictment is multiplicitous, the relevant question is whether the charged offenses are "the same in law *and* in fact." *United States v. Finley*, 726 F.3d 483, 495 (3d Cir. 2013) (emphasis in original).

> A determination of whether the multiple charged offenses are the same in law involves consideration of whether the statutory provision in question creates multiple offenses or only one offense that can be proven in alternative ways. In contrast, a determination as to whether the two charged offenses are the same in fact involves consideration of whether the given conduct violated the statute multiple times or only once.

*Id*. (citations omitted). "The Double Jeopardy Clause is not implicated when multiple separate violations of the same provision are charged in multiple counts." *Id*. (citation omitted).

In determining whether multiple charged offenses are the same in law, the Court looks to the statutory language, and interprets it "by giving it its most natural reading." *See Rigas*, 605 F.3d at 207 (internal citations omitted); *see also Pollen*, 978 F.2d at 82. 18 U.S.C. § 2252(a)(4)(B) states:

> (a) Any person who-
> . . .
>    (4) either-
>       . . .
>       (B) knowingly possesses, or knowingly accesses with intent to view, 1 or more books, magazines, periodicals, films, video tapes, or other matter

> which contain any visual depiction that has been mailed, or has been shipped or transported using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce, or which was produced using materials which have been mailed or so shipped or transported, by any means including by computer, if-
> > (i) the producing of such visual depiction involves the use of a minor engaging in sexually explicit conduct; and
> > (ii) such visual depiction is of such conduct; shall be punished as provided in subsection (b) of this section.

Daniels argues that possession and access with intent are two means of committing the same offense, not two distinct offenses. Mem. Law 4, ECF No. 40. The Government does not dispute this point. Gov't's Resp. Opp'n 6, ECF No. 48 ("As is outlined below, possession of and access with intent to view child pornography are indeed different methods to commit the same crime.").

The Court agrees: § 2252(a)(4)(B) describes a single offense which may be committed in two different ways: possession, or access with intent. While there is no Third Circuit precedent regarding the correct interpretation of § 2252(a)(4)(B), "the plain and literal meaning of the words 'either … or' suggests that Congress enacted [§ 2252(a)(4)(B)] intending to create a single, criminal offense that may be committed in two alternative ways." *Rigas*, 605 F.3d at 208 (analyzing the structure of the conspiracy statute, 18 U.S.C. § 371). Additionally, § 2252(a)(4)(B) "does not contain multiple subsections or separate clauses with semicolons to indicate separate crimes" for possession and access with intent to view. *Finley*, 726 F.3d at 496 (analyzing the structure of 18 U.S.C. § 2252(a)(2), which prohibits the receipt or distribution of child pornography). Rather, the relevant section "is a single sentence, divided only by commas." *Rigas*, 605 F.3d at 209. Section 2252(a)(4)(B) thus creates one offense which may be proved in two ways, (1) possession, or (2) access with intent. These offenses are the same in law.

This conclusion, however, does not end the inquiry. The Government distinguishes the counts at issue by the underlying images and child victims, the devices used to possess or access

the materials, and the date of the charge. According to the Government, these separate counts show Daniels engaged in "crime after crime after crime after crime" over a two-year period. Pretrial Conf. Hr'g at 9:56:43-9:56:49, Mar. 5, 2024 (court audio). The Court considers each allegedly distinguishing factor—images, victims, devices, and dates—in turn.

First, both the plain language of § 2252(a)(4)(B), which refers to "one or more" matters, and case law suggests a defendant who possesses multiple matters simultaneously may not be charged for multiple violations of § 2252(a)(4)(B). *See, e.g.*, *United States v. Polouizzi*, 564 F.3d 142, 154-55 (2d Cir. 2009) (holding the defendant could not be charged with 11 counts of possession based on 11 computer files). This reasoning carries over to individual victims, as simultaneous possession of two images depicting two different victims could not be charged as two possession counts. Similarly, Daniels points to case law concluding that indictments under § 2252(a)(4)(B) were multiplicitous where "the defendant simultaneously possessed the child pornography on different devices found at the same time and in the same place." *United States v. Chilaca*, 909 F.3d 289, 292 (9th Cir. 2018); *see also, e.g.*, *United States v. Naidoo*, 995 F.3d 367, 380-81 (5th Cir. 2021) (holding two counts charging simultaneous possession of child pornography based on possession of two SD cards was multiplicitous); *United States v. Emly*, 747 F.3d 974, 980 (8th Cir. 2014) (holding three counts charging § 2252(a)(4)(B) violations based on the simultaneous possession of child pornography on an SD card, CD, and desktop computer tower were multiplicitous).

Counts Two through Five, however, each charge Daniels with possession or access with intent to view child pornography *on different dates*. This single fact is enough to distinguish the superseding indictment from the case law discussed *supra* and cited by Daniels. But at the pretrial conference held on March 5, 2024, Daniels argued that § 2252(a)(4)(B) is a continuing offense. In

5

other words, Daniels argues his violation of § 2252(a)(4)(B), beginning on May 4, 2022, was a continuous offense through November 3, 2022. As such, according to Daniels the Government cannot charge sequential offenses during that period.

"[T]he doctrine of continuing offenses should be applied in only limited circumstances[.]" *Toussie v. United States*, 397 U.S. 112, 115 (1970). In general, a court should not construe an offense as continuing "unless the explicit language of the substantive criminal statute compels such a conclusion, or the nature of the crime involved is such that Congress must assuredly have intended that it be treated as a continuing one." *Id*. There is some case law supporting the proposition that possession is a continuous offense. *See, e.g.*, *United States v. Benjamin*, 711 F.3d 371, 378 (3d Cir. 2013) ("Possession is generally understood as a course of conduct. . . . Because the felon-in-possession crime is continuing, charging and punishing a defendant twice for the same firearm requires an interruption in continuity of possession."). And the Government agrees. Pretrial Conf. Hr'g at 9:54:22 – 9:54:39 (court audio) (agreeing possession is a continuing offense, then noting the Superseding Indictment charges possession as of the date this evidence was seized, but not Daniels' prior possession).

But access is a different act from possession, and nothing in the language of § 2252(a)(4)(B) compels the conclusion that access is a continuing offense. As to the nature of the crime, it is self-evident that proving access with intent, as charged in Counts Three through Five, requires additional or different evidence from the evidence required to prove possession. *See Pollen*, 978 F.2d at 83. A defendant can commit the crime of access with intent, for example, by "knowingly accessing a child-pornography website with the intent to view illegal materials[,]" even if they do not actually view the materials. *United States v. Croghan*, 973 F.3d 809, 828 (8th Cir. 2020) (citation omitted) (discussing access with intent under § 2252A(a)(5)(B)). But the crime

6

of possession of child pornography requires acquisition by, for example, downloading illegal materials, implying these offenses are not the same in fact.

Daniels argues that under the Government's theory, a defendant who possesses child pornography could be charged with an additional offense for accessing it every time they looked at their phone. This argument mis-states what the Government charged in the Superseding Indictment, and it also ignores the plain language of the statute. As to the Superseding Indictment, it does not charge Daniels with access with intent every time he accessed his phone or tablet. Rather, it alleges he accessed specific images on specific dates. And to convict a defendant of access with intent under § 2252(a)(4)(B), the plain language of the statute indicates the Government must show a defendant (1) knowingly (2) accessed child pornography with (3) intent to view. The Government thus cannot charge a defendant with access with intent just because they looked at their email or Instagram account on their phone. Accordingly, the Court concludes that while possession may be a continuing offense, access with intent is not.

Counts Three through Five of the superseding indictment charge Daniels with accessing child pornography with intent to view on three different dates. Although these offenses are the same in law, they are not the same offenses in fact, because these were all separate and distinct acts. Therefore, the counts are not multiplicitous and the motion to dismiss will be denied.

An appropriate Order follows.

BY THE COURT:

/s/ Juan R. Sánchez
Juan R. Sánchez, J.